## Fowler, *manucaptor, ads.* Boardman and Hunt.

MOTION to ftay proceedings on the recognizance, and for leave to enter an *exoneretur* on the bail piece. It appeared that the defendant was arrefted on the recognizance on the 17th of April; that he fell fick on the 21ft, and lay ill 10 days; that on the 26th the principal was furrendered by an agent of defendant, he being fo unwell as to be unable to do it perfonally.

It was objected, I. That the furrender was not in time, being after the expiration of the eight days allowed by law; and, II. That here the furrender was made only by an agent of the bail, and not by the bail himfelf, and fo not good becaufe bail cannot depute.

*Per Curiam.* The ficknefs of defendant afforded fufficient excufe for not furrendering within the eight days. To the fecond objection, it appears from the form of the fheriff's certificate that the principal furrendered himfelf, and it is to be prefumed it was done voluntarily. However if it were now a queftion we incline to the opinion that fpecial bail may depute *ex necessitate.*

Let the defendant take the effect of his motion on payment of cofts.

## Finch *ads.* Kemble.

*Ejectment.* A Cafe was fubmitted without argument, confifting of the following facts: A declaration was ferved on the tenant in poffeffion, who fhortly afterwards quitted, and another came in; then fome perfon acting as the agent of plaintiff caufed a fecond declaration to be ferved upon the new tenant; this being done without the knowledge of the plaintiff's attorney, he proceeded under the firft declaration, and took judgment againft the cafual ejector; and now